28 U.S.C. §2241 Petition

5³⁰

# United States District Court

District **Northern San Francisco Division**

| | |
|---|---|
| Name **Ronald M. Lopez** | Prisoner No. **E-78629** Case No. |

**E-filing**

Place of Confinement
**CTF-Soledad State Prison**
**Post Office Box 689**
**Soledad, Ca. 93960**

Name of Petitioner (include name under which convicted)          Name of Respondent (authorized person having custody of petitioner)

**Joseph Mitchell**                **CV 08    1282**

**Ben Curry, Warden et al.,**

**VRW**

The Attorney General of the State of:

**United States**

## PETITION

**(PR)**

1. Name and location of court which entered the judgment of conviction under attack

    **Not/Applicable    (Attacking only the failure of deportation)**

2. Date of judgment of conviction **(1990)**

3. Length of sentence **Now serving one count first degree murder.**

4. Nature of offense involved (all counts) **Cal. Penal Code §190; this petition deals with Immigration and Nationality Act §§237(a)(2)(A)(iii), 212(c,h),; 8 U.S.C. §§1182(a)(2)(A)(i)(I), 1182(c,h); 8 C.F.R. §3.14(a) and 8 U.S.C. 1101a(43)(A) and also 8 U.S.C. §1252(i) Garcia v. Taylor, 40 F.3d 299, 301 (9th Cir.1994).**

5. What was your plea? (Check one)
    (a) Not guilty    [x]
    (b) Guilty
    (c) Nolo contendere
    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

    **Note: Eighteen -- years in State Prison without INS (now BICE) activating Petitioner's USINS detainer No. A24824078 is an unreasonable delay for activating deportation.**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury    [X]
    (b) Judge only
    **(See attached petition with exhibits)**

7. Did you testify at the trial?
    Yes ☐ No [X]

8. Did you appeal from the judgment of conviction?
    Yes ☐ No [X]

California's State Prison System is now holding over 30 thousand illegal aliens (like this Nicaragua Prisoner), and if BICE agents would just start following the mandatory federal deportation laws, California's overcrowded Prison System now under "federal receivership" would be less burden with aging elderly illegal alien prisoners costing California tax payers millions of dollars in taxes annually..

9. If you did appeal, answer the following:

(a) Name of court  **Not/Applicable**

(b) Result

(c) Date of result and citation, if known

(d) Grounds raised

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ⬜  No **X**

11. If your answer to 10 was "yes," give the following information:
(a) (1) Name of court

(2) Nature of proceeding

(3) Grounds raised

(3)

AO 241 (Rev. 5/85)

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
  Yes ☐  No ☐

(5) Result        Not/Applicable

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
  Yes ☐  No ☐
(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
  (1) First petition, etc.    Yes ☐    No ☐
  (2) Second petition,    Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Petitioner filed the mandatory administrative prison appeal, however,

Prison Officials refused to grant the Inmate/Appeal and therefore,

Petitioner was forced to file this petition.

(See Exhibit "A" attached.)

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(I) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: See attached petition with all grounds and exhibits

in support of petition.

Supporting FACTS (state *briefly* without citing cases or law)

(Same as above)

B. Ground two: (Same as above)

Supporting FACTS (state *briefly* without citing cases or law):

(Same as above)

(5)

C.  Ground three:  _See attached petition with exhibits in support of petition._

Supporting FACTS (state *briefly* without citing cases or law):

(Same as above)

D.  Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

(Same as above)

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

(Same as above)

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes — No ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing    (None)

(b) At arraignment and plea

(c) At trial _____ Not/Applicable _____

(d) At sentencing _____

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐ No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

        (None) _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐ No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Ronald M. Lopez_
Signature of Attorney (if any)

**Ronald M. Lopez**
**Petitioner In Pro Se**

I declare under penalty of perjury that the foregoing is true and correct. Executed

_02-19-08_
(date)

_Ronald M. Lopez_
Signature of Petitioner

**Ronald M. Lopez**
**Without Bar Licensed Counsel**

(7)

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _____ **Ronald M. Lopez** _____, declare:

I am over 18 years of age and a party to this action. I am a resident of _____

**CTF-Soledad State....** _____ Prison,

in the county of _____ **Soledad, California.**

State of California. My prison address is: **Central Training Facility**
**Post Office Box 689** _____,
**Soledad, Ca. 93960-0689**

On _____,
(DATE)

I served the attached: _____ **28 U.S.C. §2241 petition**

_____
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:
**Northern District Federal Court**      **United States Attorney General**
**San Jose Division**                    **950 Pennsylvania Ave., N.W.**
**280 S. First St., #2112**              **Washington D.C. 20530**
**San Jose, Ca. 95113-3006**             **Attorney General Office Cal.**
                                         **455 Gold Gate Ave., Suite 11000**
                                         **San Francisco, Ca. 94102-7004**

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on **07-19-08**
(DATE)

_____
(DECLARANT'S SIGNATURE)

**Ronald M. Lopez**

1 | RONALD M. LOPEZ
Prison No. E-78629
2 | Central Training Facility

3 | Post Office Box 689
Soledad, Ca. 93960-0689
4 |

5 | (Petitioner In Pro Se)

6 | IN THE UNITED STATES DISTRICT COURT

7 | NORTHERN DISTRICT OF CALIFORNIA

8 | * * *

9 |

10 | RONALD M. LOPEZ,                    ) Case No._____
                                         )
11 |              Petitioner,            ) [USINS No.
                                         )
12 |     v.                              ) APPLICATION FOR TITLE 28 U.S.
                                         ) C. §2241 PETITION BY A STATE
13 | BEN CURRY, WARDEN, et al.,          ) PRISONER WITH A CURRENT USINS
                                         ) DETAINER WHO FILES HIS CLAIMS
14 |                                     ) PURSUANT TO: 8 C.F.R. §3.14
              Respondent.               ) (a), 8 U.S.C. §§1182 (a)(2)(A)
15 |                                     ) (i)(I), 1182 (c,h), 1101 (a)
                                         ) (43)(A), 1231 (b)(3)(B), 1227
16 | 2 8   U. S. C.   § 2 2 4 1          ) (a)(2)(A)(iii), 1227 (2)(I)
                                         ) (II), 1228 (c), 1230b (a)(1),
17 | P E T I T I O N   F I L E D B Y     ) 1251 (a)(2)(A)(iii), 1252 et
                                         ) seq., and 8 C.F.R. §208.17 (a);
18 | I L L E G A L   A L I E N
                                         MEMORANDUM OF POINTS AND
19 | S T A T E   P R I S O N E R         AUTHORITIES IN SUPPORTS OF
                                         PETITION FOR DEPORTATION
20 | To: The Honorable Presiding Judge of the Northern District
     Federal Court, Please Take Notice:
21 |

22 |     Petitioner, Ronald M. Lopez, an illegal alien from Nicaragua

23 | now moves this United States District Court to grant this

24 | 28 U.S.C. §2241 petition and to order the Bureau of Immigration

25 | and Customs Enforcement ("BICE") officials to activate a

26 | charging document immediately and, thereupon, Petitioner be

27 | deported in accordance with 8 C.F.R. §3.14 (a) and as set

28 | Page-1-Petition for Deportation

1  forth in 8 U.S.C. §§1182 (a)(2)(A)(i)(I), 1182 (c,h), 1101

2  (a)(43)(A), 1231 (b)(3)(B), 1227 (a)(2)(A)(iii), 1227 (I)

3  (II), 1228 (c), 1230b (a)(1), 1251 (a)(2)(A)(iii), 1252 et

4  seq., and C.F.R. §208.17 (a). Petitioner has exceeded all

5  state and federal guideline, ranges for his "aggravated felony"

6  under 8 U.S.C. §1101 (a)(43)(A) and pursuant to 8 U.S.C. §1182

7  (a)(2)(A)(i)(I): all "aggravated felons" are not eligible

8  or suitable for parole in the United States," which was fully

9  discussed in Simeonov v. Ashcroft, 371 F.3d 532, 534-38 (9th

10 Cir.2004). Petitioner has been in state custody for over

11 eighteen straight – years waiting for I.N.S. (now "BICE")

12 officials to afford Petitioner a fair and impartial deportation

13 hearing in accordance with 8 C.F.R. §3.14 (a) and be deported

14 to Nicaragua. Based on these facts and and all the supporting

15 evidence presented throughout this petition, Petitioner

16 graciously request this Honorable District Court grant this

17 genuine 28 U.S.C. §2241 petition. (See Exhibit "A" for

18 reference to prison administrative appeal where CTF-Soledad

19 Prison Officials refuse to hear the claims set forth in this

20 petition and stated: they do not have any jurisdiction over

21 the subject matter and federal deportation laws.) Therefore,

22 this is the only remedy available for this Nicaraguan illegal

23 alien. (See Also 8 U.S.C. §1251 (i).)

24 Dated this 19 day of _____, 2008.

                        Respectfully Submitted,

25

26                      Ronald M. Lopez

27                      Nicaragua illegal alien State Prisoner
                        Petitioner In Pro Se
                        Without Bar Licensed Counsel

28

                Page-2-Petition for Deportation

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF IMMEDIATE DEPORTATION

A. Federal Deportation Laws require . . . immediate deportation proceedings to commence against this Nicaraguan illegal alien.

Petitioner maintains the United States District Court of San Jose California holds jurisdiction over his USINS detainer under No. A24824078. Petitioner is currently being held in the CDC&R at CTF-Soledad Level-II State Prison. Petitioner has requested CTF-Soledad Prison Personnel to contact San Jose Bureau of Immigration and Custom Enforcement ("BICE") to activate a charging document and to order Petitioner deportable as stated in Gonzalez-v.-Ashcroft, 369 F.Supp.2d 442, 447 (S.D.N.Y. 2005) ("A conviction for an aggravated felony at any time after admission to the United States subjects all aliens to removal." 8 U.S.C. §1227 (a)(2)(A)(iii).) The offenses that constitute "aggravated felonies" for the purposes of removal are enumerated in 8 U.S.C. §1101 (a)(43)"); and see U.S.-v.-Lopore, 304 F.Supp.2d 183, 186 (D.Mass.2004) ("Pursuant to U.S.C. §1227 (a)(2)(A)(iii), any alien who is convicted of an aggravated felony at any time after admission is deportable.")

Both the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and the illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), contain comprehensive amendments to the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. §1101 et seq. Under §237 (a)(2)(A)(A)(iii) of the INA (8 U.S.C. §1227(a)), noncitizens

Page-3-Petition for Deportation

1    are subject to deportation or removal based on the commission
2    of an "aggravated felony." That is, under the terms of the
3    INA, any noncitizen "who is convicted of an aggravated felony
4    at any time after admission is deportable." Id. 8 U.S.C.
5    §1251 (a)(2)(A)(iii). The INA not only subjects aliens to
6    automatic deportation, it imposes severe sanctions against
7    aliens convicted of aggravated felonies, barring them as
8    ineligible for withholding deportation, and precluding asylum.
9    Once deportation proceedings commence, the alien's rights
10   are severely limited. For example, an aggravated felon facing
11   deportation is presumed to be deportable. Id. 8 U.S.C. §1228
12   (c). The aggravated felon is also ineligible for discretionary
13   relief from removal such as asylum, 8 U.S.C. §1158
14   (b)(2)(B)(I); restriction on removal, 8 U.S.C. §1230a (a)(3);
15   and voluntary departure, 8 U.S.C. §1230b (a)(1).

16       Significantly, an aggravated felon who has been sentenced
17   to an aggravated term of imprisonment of at least 5 years
18   is also ineligible for withholding . . . removal under the
19   Convention Against Torture ("CAT"). 8 U.S.C. §1231 (b)(3)(B);
20   Wang v. Ashcroft, 320 F.3d 130, 136 n. 11 (2nd Cir.2003).
21   The only possible relief an aggravated felon may obtain, if
22   entitled to the protection of CAT, is to have his removal
23   deferred to a country where he or she is not likely to be
24   tortured. Id. 8 C.F.R. §208.17 (a). However, the aggravated
25   felon is still subjected to immediate deportation to another
26   country, but not one that will subject him . . . to torture.
27   Petitioner maintains that he committed an aggravated felony

28                    Page-4-Petition for Deportation

and now invokes his federal statutory right to a fair hearing and to be promptly deported back to his native country of Canada. See Lopez v. Heinauer, 332 F.3d 507, 512 (8th Cir.2003) ("To demonstrate a violation of due process, an alien must demonstrate both a fundamental procedural error and that the error resulted in prejudice.") In the present case Petitioner has been in state custody with an active USINS detainer for **over eighteen** years without state officials affording him any type of deportation hearing and, therefore, Petitioner has presented prejudice.

B. Petitioner is currently waiting to be deported back to **Nicaragua** however, State Prison Officials are forcing him to work under threat of severe punishment on the prison slave labor work force in direct violation of several federal illegal alien employment laws.

Just because **Petitioner** is a state prisoner waiting to be deported does not allow State Prison Officials to deliberately violate illegal alien labor laws <u>and to force this **Nicaragua** illegal alien to work as a slave.</u> See Kim Ho Ma v. Ashcroft, 257 F.3d 1095, 1110 (9th Cir.2001) ("In particular, the INS's position appears to be clearly inconsistent with the Supreme Court's holding in Wong Wing that illegal aliens within the territorial jurisdiction of the U.S. who had been ordered deported could not be put to <u>hard labor prior to their deportation.</u> Wong Wing v. United States, 163 U.S. 228, 238, 16 S.Ct. 977, 41 L.Ed. 140 (1896)" (emphasis added.) **Petitioner** maintains that regardless of his request for immediate transfer under the state Government Code §12012.1 . . . that federal deportation laws "override"

Page-5-Petition for Deportation

1  state laws and therefore, Petitioner maintains that he is
2  waiting to be deported based solely on federal mandatory
3  <u>NO</u> suitability for U.S. parole federal law set forth within
4  8 U.S.C. §1182 et seq., and that illegal aliens waiting to
5  be deported <u>must not be forced to endure hard labor before</u>
6  <u>deportation</u>. Id., Wong Wing, 163 U.S. at 238. Therefore,
7  San Jose (BICE) officials who currently have total control
8  over **Petitioner's** state incarceration and the unlimited power
9  to activate **Petitioner** USINS warrant, which is authorized
10 by federal statutory laws at anytime after the illegal alien
11 serves five (5) years of his state sentence in accordance
12 with 8 U.S.C. §1227(2)(I) and (II), <u>must be enforced by this</u>
13 <u>Federal District Court.</u> 8 U.S.C. §1227 et seq., states: "any
14 alien who is convicted of a crime involving moral turpitude
15 committed within 5 years, after the date of the admission
16 and is convicted of a crime for which a sentence of one year
17 or longer may be imposed is deportable."

18    In addition, an aggravated felon who has been sentenced
19 to an aggravated term of imprisonment of at least 5 years
20 is also ineligible for withholding his deportation and
21 immediate removal under the Convention Against Torture ("CAT")
22 8 U.S.C. §1231(b)(3)(B); **Wang v. Ashcorft**, 320 F.3d 130,
23 136 n. 11 (2nd Cir.2003). The limited relief that an
24 aggravated felon may obtain, if entitled to the protection
25 of CAT, is to have his removal deferred to a country where
26 he or she is more likely not to be tortured. Id. 8 C.F.R.
27 §208.17(a). However, even in this situation the aggravated

28         Page-6-Petition for Deportation

felon is still subject to immediate deportation to another country. In this case, Petitioner is from **Nicaragua** and there is no problem with **Nicaraguan** officials torturing its citizens and, therefore, Petitioner waives his legal rights under CAT and request immediate deportation to **Nicaragua.**

Furthermore, the only other area of federal statutory immigration law which must be considered under the fair deportation hearing act, "is the appeal process regarding this **Northern District Court's tentative . . . .** order" granting immediate deportation, as set forth in 8 U.S.C. §1252(a)(2)(C) and **Henderson v. INS**, 157 F.3d 106, 119 (2nd Cir.1998). However, as stated in Henderson, Congress "intended to make . . . administrative decisions (regarding removal] nonreviewable in the fullest extent possible under the Constitution." Id. at 119. The limited judicial avenue available to criminal aliens waiting in the California Prison System to be deported is the REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231 (2005), which amended 8 U.S.C. §1252 to provide judicial review of an order of removal on the form of a "petition for review" in the Court of Appeals. However, this **Nicaragua** illegal alien also waives his right to any appeal under the REAL ID Act and absolutely maintains that he is a native of **Nicaragua** who was convicted of an aggravated **felony,** which requires his deportation forthwith. (See Exhibit "B" for reference to Petitioner's Birth Certificate and **Nicaraguan** Social Insurance Number.) Based on these factors this Canadian illegal **alien is overdue for deportation.**

1  C. Petitioner maintains that under the United States Supreme
Court decision of INS v. St. Cyr, 533 U.S. 289, 325, 121 S.Ct.
2  2271, 2293, 150 L.Ed.2d 347 (2001), it is mandatory that this
aggravated felon be deported to his country of origin
3  forthwith.

4      Although one can describe the level of certainty of

5  deportation for aggravated felons as mandatory, required,

6  predictable, highly likely, the Second Circuit has described

7  the likelihood as "automatic," United States v. Couto, 311

8  F.3d 179, at 184 (2nd Cir.2002) and moreover the United States

9  Supreme Court calls it "Certain." INS v. St. Cyr, supra,

10  533 U.S. at 325. Therefore, this Nicaragua illegal alien must

11  be deported immediately.

12  D. Any state law used to keep this Nicaragua illegal alien
in the California Prison System must be "overridden" and that
13  all the federal statutory deportations laws set forth in this
motion are superior to any state law requirements.

14

15      Petitioner asserts that all the above deportations laws

16  govern his current incarceration in the California Prison

17  System and that State Prison Officials cannot argue that "State

18  Law" overrides "Federal Statutory Deportation Laws regarding

19  aggravated felons." Petitioner maintains that the United States

20  Supreme Court made very clear in Freightliner Corp. v. Myrick,

21  "We have recognized that a federal statute implicitly overrides

22  state law either when the scope of a statute indicates that

23  Congress intended federal law to occupy a field exclusively,

24  English v. General Elec. Co., 496 U.S. 72, 78-79, 110 S.Ct.

25  2270, 2274-2275, 110 L.Ed.2d 65 (1990), or when state law

26  is in actual conflict with federal law. We have found implied

27  conflict pre-emption where it is "impossible for private party

28              Page-8-Petition for Deportation

1   to comply with both state and <u>federal</u> requirements," id.,

2   at 79, 110 S.Ct., at 2275, or where <u>state</u> <u>law</u> "stands as an

3   obstacle to the accomplishment and execution of the purposes

4   and objectives of Congress. Hines v. Davidowitz, 312 U.S.

5   52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 541 (1941)."   Id. 514

6   U.S. 280, 115 S.Ct. 1483, 1487 (1995).

7      Petitioner absolutely maintains that (BICE) officials

8   are responsible for deporting illegal aliens and the Congress

9   did not intent for "state administrative" boards to made the

10  decision when state prisoners have federal USINS holds placed

11  on them or for state prison officials to use state law to

12  "override" statutory federal deportation laws.

13  E. Petitioner maintains that CTF-Soledad State Prison Officials
    have refused to afford Petitioner any type of a deportation
14  hearing and refuse to hear Petitioner's 602 Inmate/Appeal
    where Petitioner is requesting to be deported within federal
15  statutory deportation laws and, therefore, prison officials
    are violating Administrative Procedure Act, 5 U.S.C. §706
16  (1)&(2) (A)&(C).

17     Plaintiff maintains that CTF-Soledad Prison Officials

18  have failed to implement an information system to assist

19  illegal aliens in the deportation process and to aid San Jose

20  (BICE) officials with information regarding convicted

21  aggravated felons housed in the prison and this action is

22  arbitrary, capricious, and certainly is an abuse of discretion.

23  CTF-Soledad Prison Officials action or inaction is not in

24  accordance with any federal statutory deportation laws and

25  positively violates the Administrative Procedure Act, 5 U.S.C.

26  §706 (1) & (2)(A) & (C).   The Ninth Circuit Appeals Court

27  stated in <u>Cilbent v. National Transportation Safety Board</u>,

28              Page-9-Petition for Deportation

1  80 F.3d 364, 368 (9th Cir.1996) ("5 U.S.C. §706 imposes a

2  uniform standard of review over agency determinations without

3  drawing any such distinctions. Indeed, we have applied an

4  arbitrary and capricious standard of review in upholding an

5  agency's refusal to accept late appeal to its Board in

6  accordance with its internal regulatory guidelines.")

7      The prison officials here at CTF-Soledad refuse to hear

8  Petitioner's appeal where he ask the prison administrators

9  to activate his USINS detainer No.A24824078   and to turnover

10 his custody to (BICE) Officials in San Jose California.  The

11 prison officials in their CDC 695 response stated that they

12 do not have subject jurisdiction of these federal deportation

13 laws and that Petitioner must pursue the matter through the

14 appropriate agency, which in this case is this U.S. District

15 Court. (See Exhibit "A" for reference to CDC 602 Inmate/Appeal

16 filed regarding federal deportation laws.)

17 F. Petitioner has complied with the Prison Litigation Reform
   Act (PLRA), 42 U.S.C. §1997e(a) as required by the United
18 States Supreme Court in Booth v. Churner, 532 U.S. 731, 741,
   121 S.Ct. 1819, 1825 (2001).

19

20     In Booth v. Churner, the Supreme Court held that inmates

21 must exhaust administrative remedies, regardless of the relief

22 offered through the administrative procedure. Id., at 741.

23 However, the Sixth Circuit Appeals Court stated in City of

24 Mount Clemens v. U.S.E.P.A., 917 F.2d 908 (6th Cir.1990)

25 ("Although exhaustion remedies is typically required as a

26 condition for judicial review, the requirement is not absolute.

27 The doctrine must be applied in each case with an understanding

28              Page-10-Petition for Deportation

1  of its purposes behind the exhaustion doctrine, the courts

2  have allowed a number of exceptions. Thus, exhaustion is

3  not required if administrative remedies are inadequate or

4  not efficacious; [or] where pursuit of the administrative

5  remedies would be a futile gesture." [Citation omitted].)

6  see also Shawnee v. Coal Co. v. Andrus, 661 F.2d 1083, 1093

7  (6th Cir.1981) ("exhaustion is not required if administrative

8  remedies are inadequate"); and Mathews v. Diaz, 426 U.S. 67,

9  76, 96 S.Ct. 1883, 1889, 48 L.Ed.2d 478 (1976) ("Where the

10  only issue presented for review was the constitutionality

11  of a provision of the Social Security Act, exhaustion of

12  administrative remedies would have been futile"). Petitioner

13  maintains he should not be forced to exhaust anymore

14  administrative appeals based on the deportation laws within

15  the CDC&R system and that all appeals are futile.

16      In Brown v. Valoff, 442 F.3d 926 (9th Cir.2005) we read:

17  "While over-exhaustion may be wise so as to expedite late

18  litigation, the fact remains that Booth does not require an

19  inmate to continue to appeal a grievance once relief is no

20  longer available." Id. at 949 fn. 10. As stated above

21  Petitioner presented his appeal to CTF-Soledad Prison Officials

22  which have stated that they lack jurisdiction to hear the

23  federal statutory deportation laws and, therefore, all

24  administrative appeals have been completed.

25  G. Petitioner maintains that under deportation rights this
   case must be considered under "equal protection" and that
26  his "aggravated felony" is listed under 8 U.S.C.
   §1101(a)(43)(A) as all other listed "aggravated felons" now
27  being deported and that every other State Prison System in
   the United States is allowing inmates convicted of second
28  degree murder to be deported after the 5 year period is served.

1    In **Gonzalez  v.  Ashcroft**,  supra,  369  F.Supp.2d  442

2  (S.D.N.Y.2005) ("A  conviction  for  an  aggravated  felony  **at**

3  **any  time  after  admission**  to  the  United  States  subjects  an

4  alien  to  removal.  8  U.S.C.  §1227  (a)(2)(A)(iii).  The  offenses

5  that  constitute  "**aggravated  felonies**"  for  the  purposes  of

6  removal  are  enumerated  in  8  U.S.C.  §1101  (a)  (43)."  Id.  at

7  447.)  Petitioner's  state  crime  is  listed  under  (43)(A)  (**First**

8  degree  murder  one  count).  Petitioner  argues  that  his

9  deportation  must  be  considered  under  "equal  protection."  See

10  **Plyler v. Doe**,  457  U.S.  202,  210,  102  S.Ct.  2382,  72  L.Ed.2d

11  786  (1982)  (holding  that  aliens  are  protected  by  the  Fifth

12  Amendment's  equal  protection  guarantee).  To  establish  an

13  equal  protection  violation,  therefore,  Petitioner  must  identify

14  a  class  of  similarly  situated  persons  who  are  treated

15  dissimilarly.  See  **Anderson v. Cass County, Mo.**,  367  F.3d  741,

16  747  (8th  Cir.2004).

17    Petitioner  positively  asserts  that  state  prisoners

18  (illegal  aliens)  convicted  of  second  degree  murder  in  States

19  other  then  California,  are  being  deported  to  there  native

20  countries  under  the  same  federal  deportation  laws,  which  should

21  equally  be  applied  to  this  California  illegal  alien  state

22  prisoner.  Petitioner  supports  his  contentions  based  on  the

23  federal  deportation  cases  of  **Tulloch v. I.N.S.**,  175  F.Supp.2d

24  644,  647  (S.D.N.Y.2001);  **Boston-Bollers v. I.N.S.**,  106  F.3d

25  352,  353  (11th  Cir.1997);  **James v. Reno**,  97  Fed.Appx.  340

26  (2nd  Cir.2004)  **and  also  Giap v. I.N.S.**,  311  F.Supp.2d  438,

27  439  (S.D.N.Y.2004)  ("In  1997,  a  jury  in  New  York  City  convicted

28

Page-12-Petition for Deportation

1   Giap second degree murder, for which he was sentenced to 25

2   years to life in prison.    Following that conviction, the

3   Immigration and Naturalization Service ("INS") charged Giap

4   with being deportable as an alien convicted of a aggravated

5   felony. See 8 U.S.C. §1227 (a)(2)(A)(iii).")

6       Petitioner's First Degree Murder -- falls within the same

7   federal deportation laws as set forth in all the above second

8   degree murderers cases, which have been deported back to their

9   native countries.    All of the above second degree murderers

10  served five (5) years before INS officials initiate deportation

11  proceedings, however, this Nicaragua California illegal alien

12  prisoner has served more time on his first    degree murder

13  then any of the above murderers, but (BICE) agents from San

14  Jose still have failed to initiate deportation proceedings

15  in this case, which Petitioner maintains is arbitrary and

16  capricious and violates his equal protections rights.

17  H.   Petitioner maintains that his indefinite detention based
    on his USINS detainer as an illegal alien Nicaragua California
18  State Prisoner violates his due process right to a fair and
    impartial deportation hearing within a reasonable amount of
19  time-served on his California one count first degree murder.

20       Petitioner asserts that he has now served over eighteen

21  years in CDC&R and his one count first degree murder and that

22  (BICE) agents located in San Jose California have refused

23  to initiate Petitioner's USINS detainer. The United States

24  Supreme Court stated in Zadvydas v. Davis, "A statute

25  permitting indefinite detention of an alien would raise a

26  serious constitutional problem.    The Fifth Amendment's Due

27  Process Clause forbids the Government to "deprive" any "person

28           Page-13-Petition for Deportation

1  . . . of . . . liberty . . . without due process of law."
2  Id. 533 U.S. 678, 121 S.Ct. 2491, 2498-99 (2001) (in relevant
3  part.) Indeed, "Petitioner's statutory claim that he is being
4  detained without the possibility of a fair and impartial
5  deportation hearing can be heard on habeas because it effects
6  a substantial right of Petitioner's in accordance with all
7  the above mentioned federal deportation laws. See Velasquez
8  v. Reno, 37 F.Supp.2d 663, 669 (D.N.J.1999) (quoting Henderson
9  v. INS, 157 F.3d 106, 122 (2nd Cir. 1998) "Stating that
10  statutory claims affecting the substantial rights of the sort
11  courts have secularly enforce.")

12      Petitioner has now served over eighteen years . . . on
13  his USINS detainer No.          that the delay by BICE
14  agents to effectuate any type of deportation proceedings is
15  unreasonable, arbitrary and capricious. Because Petitioner
16  alleges his due process rights are being violated under the
17  test enunciated in Barker v. Wingo, 407 U.S. 514 (1972), for
18  evaluating delays under the Sixth Amendment, is often used
19  to evaluate delay under the Due Process Clause. Id. 407 U.S.
20  at 530. In this case Petitioner has not received any
21  information from CTF-Soledad Prison Officials when BICE agents
22  will activate his USINS detainer and start the deportation
23  process. In Baker the U.S. Supreme Court described a five
24  (5) year delay as "extraordinary." Id. 407 U.S. at 533; see
25  also U.S. v. Doggett, 906 F.2d 573, 578 (11th Cir.1990)
26  ("Ringstaff, the 11th Cir. found a twenty-three month delay
27  to be presumptive prejudicial. Id. 885 F.2d at 1543, quoting

28

1  cf. Bagga, 782 F.2d 1542 "thirty-six month delay presumptively

2  prejudicial" and Dannard, 722 F.2d at 1513 "fifteen month

3  delay presumptively prejudicial.")

4      In sum, this Petitioner has now served over nineteen

5  years in the California Prison System and does maintain that

6  "BICE" agents from San Jose have abused their administrative

7  discretion, by refusing to conduct any deportation hearing

8  thereby, denying Petitioner any form of procedural due process

9  within a reasonable amount of time.    See **Immigration &**

10 **Naturalization Serv. v. Yany**, 519 U.S. 26, 32, 117 S.Ct. 350

11 (1993) ("irrational departure" from "general policy" governing

12 exercise of administrative discretion "could constitute .

13 . . an abuse of discretion.")

14 I. Petitioner maintains that the retroactive application of
   the 1994 Immigration and Technical Act, Pub. L. No. 103-416,
15 108 Stat. 4305 ("INTCA") in accordance with the United States
   Supreme Court decision of **I.N.S. v. St. Cyr**, 533 U.S. 289,
16 316, 121 S.Ct. 2271, 2289 fn. 42 (2001); and **Fernandez-Vargas**
   **v. Gonzales**, ___ U.S. ___, 126 S.Ct. 2422, 2428 (2006).

17

18     Petitioner's 1989 arrest and conviction for an "aggregated

19 felony under Title 8 U.S.C. §1101a(43)(a)"is not retroactive

20 under the 1994 Immigration and Technical Corrections Act,

21 Pub. L. No. 103-416, 108 Stat. 4305 (hereotafter "INTCA.")

22 The United States Supreme Court made clear in **I.N.S. v. St.**

23 **Cyr**, 533 U.S. at 316 that congress did not make ("INTCA")

24 retroactive to all illegal aliens already serving their

25 sentences throughout the state prisons.    Therefore, the older

26 Ninth Circuit decision in **Garcia v. Taylor**, 40 F.3d 299, 301

27 (9th Cir.1994) must again be followed and that Petitioner

28
                    Page-15-Petition for Deportation

1 does have standing to force INS [now "BICE"] to start

2 deportations proceeding immediately, which is required pursuant

3 to Title 8 U.S.C. §1252(i) as follows:

4     "In the case of an alien who is convicted of an
    offense which makes the alien subject to deportation,

5     the Attorney General **SHALL** begin any deportation
    proceeding as **expeditious as possible after the**

6     **date of conviction,**" (emphasis added.)

7     Petitioner is asking this Court to enforce his federal

8 statutory rights for a fair and impartial hearing for

9 deportation, and that "INTCA" is not retroactive to

10 Petitioner's 1989 arrest and conviction and therefore,

11 Petitioner should receive a fair and impartial hearing base

12 on his INS federal deportation hold promptly.

13                     Conclusion

14     Based on the forgoing, this Nicaragua illegal alien Cal.

15 State Prisoner should be granted relief as requested within

16 a reasonable time limit under the U.S. constitutional

17 amendments.

18 Dated this 19 day of February, 2008.

19                     Respectfully Submitted,

20

21                     Ronald M. Lopez

22                     RONALD M. LOPEZ
                    Petitioner In Pro Se
                    Without Bar Licensed Counsel

23

24

25

26

27             Page-16-Petition For Deportation

28

**E X H I B I T   " A "**

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                                    ARNOLD SCHWARZENEGGER, GOVERNOR

BOARD OF PAROLE HEARINGS
1515 K Street, 6ᵗʰ Floor
Sacramento, Ca. 95814



Effective May 1, 2004, the Board of Parole Hearings Appeals, formerly known as the Board of Prison Terms, section (15 CCR section 2050-2056) was repealed by Administrative Directive No. 04/01. The Board of Parole Hearings no longer has an Appeals Unit: therefore, the decisions or action regarding the issue listed below cannot be appealed and will no longer be addressed by the Board, regardless of whether the issues are written on a BPT 1040, a CDC 602, or in letter format:

- Due process (including hearing scheduling)
- Parole revocation process (including hearing panel issues)
- Early discharge requests (prior to discharge review)
- Good cause findings for hearings
- CDCR clerical errors regarding date/time/credit calculations/day for day
- CDCR/P&CSD staff related issues
- Submitted prior to a Board action
- Attorney issues
- Witness issues
- Time assessed at the revocation hearings



You may go directly to the courts per California Department of Corrections and Rehabilitation, 15 CCR section 3160, inmate access to the courts. Forms are available at the institution's law library. If you are being housed at a county, jail, you can obtain a copy of the forms at your jail housing unit.

Issues concerning clerical errors on BPH 1103 PCH an REV forms related to Board Decision, mandatory discharge, credit eligibility during revocation terms, BPH mandated special conditions of parole, retain on parole actions, and other rules of law, can be reviewed by the Board. You can submit these concerns via correspondence to the:

Board of Parole Hearings, Quality Control Unit
1515 "K" Street, Sixth Floor
Sacramento, Ca, 95814.

Sincerely,

Board of Parole Hearings
Attachment

First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: AUG 28 2007    Due Date: OCT 11 2007

Interviewed by: SGT Scott on 8/31/2007. During the interview you clarified your request in regards to the 602 and stated that you would like to be transferred to Nicaragua through the FPTTP. A review of your Central File reveals that you have a scheduled Annual Review in February 2008. At that time your case will be reviewed and if you meet the criteria for participation in the FPTTP you will be put up for Transfer.

Staff Signature: _____    Title: CCI    Date Completed: SEP 10 2007
Division Head Approved: _____
Signature: _____    Title: FC    Returned _____
                                    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response. Lets **STOP** playing games, this 602 has absolutely nothing to do with FPTTP discretionary program. This Nicaragua illegal alien is demanding that CTF-Soledad Officials contact the director of "BICE" in San Jose, and that you notify the director of "BICE" that this Nicaraguan "illegal alien" **MUST** be deported ASAP to his native country under all above mandatory deportation laws.

Signature: _____    Date Submitted: 09/16/07

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: SEP 18 2007    Due Date: OCT 17 2007
☒ See Attached Letter

Signature: _____    Date Completed: 9/25/07
Warden/Superintendent Signature: _____    Date Returned: SEP 28 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.
Totally dissatisfied, this Nicaraguan illegal alien must be deported with a reasonable time limit. See 8 U.S.C. §1252(i), however, the California Prison System refuses to comply with these federal deportation laws. This Nicaraguan's relief for the deliberate failure to follow these federal deportation laws is in the Northern District Federal Court pursuant to Garcia v. Taylor, 40 F.3d 299, 301 (9th Cir. 1994); see I.N.S. v. St. Cyr, 533 U.S. 289, 316 (2001).

Signature: _____    Date Submitted: 10/07/07

For the Director's Review, submit all documents to: Director of Corrections
                                    P.O. Box 942883
                                    Sacramento, CA 94283-0001
                                    Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☒ See Attached Letter                                    JAN 0 8 2008
                                                        Date: _____
CDC 602 (12/87)

(Continued CDC 602, by Ronald M. López, E-78629 CW-230L)

must be afforded all his federal statutory deportation rights in the California Prison System under Title 8 U.S.C. §§1182 (a)(2)(A)(i)(I), 1182 (c,h), 1101 (a)(43)(A), 1231 (b)(3)(B), 1227 (a)(2)(A)(iii), 1227 (2)(I)(II), 1228 (c), 1230b (a)(1), 1251 (a)(2)(A)(iii), 1252 et seq., and 8 C.F.R. §208.17 (a). CTF-Soledad State Prison System cannot override these mandatory federal laws with "state suitability for parole laws" as set forth in Freightliner Corp. v. Myrick, 514 U.S. 280, 115 S.Ct. 1483, 1487 (1995). Furthermore, CTF-Soledad State Prison Officials must follow the United States Supreme Court decision of INS v. St. Cyr., 533 U.S. 289, 325, 121 S.Ct. 2271, 2293 (2001), which states that deportation of all illegal aliens under statutory deportation laws is "Certain"; and the Second Circuit has described the likelihood as "automatic." United States v. Couto, 311 F.3d 179, 184 (2nd Cir.2002). Therefore, CTF-Soledad State Officials in accordance with the above federal mandatory deportation laws MUST turnover this Nicaragua illegal alien to ("BICE") agents from the San Jose office ASAP or this illegal alien will seek immediate court action ordering you to comply with federal deportation laws.

Respectfully Submitted,

Ronald M. López
Ronald M. Lopez
Nicaragua Illegal Alien State Prisoner


CC/ This Appeal was filed with the aid of legal counsel at the following address:
Attorney at Law
Charles F. Carbone
Post Office Box 212
3128 16th Street
San Francisco, Ca. 94103
(415) 531-1980
Fax (415) 252-9311
E-mail: charleseye@hotmail.com

Page-2-CDC 602

# DEPARTMENT OF CORRECTIONS AND REHABILITATION
Correctional Training Facility
Soledad, California

**RE:** CTF Appeal Log No:        **CTF: -S-07-03279**
SECOND LEVEL REVIEWER'S RESPONSE

LOPEZ        E78629        CW-230L

## APPEAL DECISION

DENIED

## APPEAL ISSUE:

CUSTODY/CLASSIFICATION

## APPEAL RESPONSE:

Inmate Lopez, in your appeal you state the following:

(1) That you are a Nicaragua illegal alien and you allege that the Correctional
Training Facility (CTF) officials are running an alien slave labor camp.

(2) That CTF is required to activate an illegal alien hearing review system under the
Administrative Procedures Act, 5 U.S.C. 706 (1) (2) (A) & (C).

(3) That CTF Prison Officials follow all federal statutory deportation laws and
activate the Nicaragua United States Immigration and Naturalization Service
(USINS) detainer. Additionally, you are requesting that (BICE) agents from the
San Jose Office take custody of you.

You were interviewed by Correctional Sergeant D. Scott on August 31, 2007, who
provided you the opportunity to explain your appeal and present supporting information
or documents. During the interview, you stated that you wanted to be transferred to
Nicaragua. Your appeal was Denied at the First Level of Response.

Dissatisfied with the First Level Response, you submitted your appeal for a Second Level
of Review.

A thorough review of your appeal package and all of your attachments has been
completed and reveals the following;

(1) On 12-11-90, you were convicted for PC 187, Murder 1st and sentenced to 25
years to Life with a Minimum Eligible Release Date of 3-8-15.

1

# DEPARTMENT OF CORRECTIONS AND REHABILITATION
## Correctional Training Facility
Soledad, California

CTF Appeal Log # CTF-S-07-03279
Page 2 of 2

(2) On 9-21-07, a call was placed to the Correctional Training Facility (CTF) USINS Transfer Desk in regards to your Appeal. The person responsible for facilitating USINS transfers stated that all cases will be reviewed approximately 30 to 60 days before the established parole date.

(3) Your Initial Parole Consideration Hearing is currently scheduled for 3-8-15. If found suitable for parole and granted a release date, you will be transferred to Centinela or Calipatria State Prison pending USINS review.

Therefore, based on the aforementioned, your appeal is being **DENIED** at the Second Level of Review.

Reviewed By: _____          9/25/07
                J. Soares, Associate Warden (A), CTF-C          Date

Reviewed By: _____          9/27/07
                Ben Curry, Warden (A) CTF-Soledad          Date

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:  **JAN 0 8 2008**

In re:  Ronald Lopez, E78629
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0710823          Local Log No.: CTF-07-03279

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pennington Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:**  It is the appellant's position that he is a Nicaragua illegal alien and he alleges that the Correctional Training Facility (CTF) officials are running an alien slave labor camp. The appellant believes that CTF should be required to activate an illegal alien hearing review system under the Administrative Procedures Act, 5 U.S.C. 706 (1)(2)(A)&(C). The appellant has requested that CTF Prison Officials follow all Federal statutory deportation laws and activate the Nicaragua United States Immigration and Naturalization Service (USINS) detainer.    Additionally, the appellant requests that Bureau of Immigrations and Custom Enforcement (BICE) agents from the San Jose Office take custody of the appellant immediately.

**II    SECOND LEVEL'S DECISION:**  On August 31, 2007, the appellant was interviewed by Correctional Sergeant D. Scott. The reviewer established that on December 11, 1990, the appellant was convicted for California Penal Code Section 187, Murder first degree and was sentenced to 25 years to Life with a Minimum Eligible Release Date of March 18, 2015. On September 21, 2007, a call was placed to the CTF USINS transfer desk in regards to the appellant's appeal. The person responsible for facilitating USINS transfers stated that all cases will be reviewed approximately 30 to 60 days before the established parole date. The appellant's initial parole consideration hearing is currently scheduled for March 8, 2015. If at that time the appellant is found suitable for parole and granted a release date, he will be transferred to Centinela State Prison (CEN) or Calipatria State Prison (CAL) pending USINS review. Based on the information presented the appeal was denied at the Second Level of Review (SLR).

**III    DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

> **A.    FINDINGS:**  Despite the appellant's dissatisfaction he has been provided with an appropriate response from the SLR. The appellant has failed to support his allegations with any evidence, information or documentation to warrant any modification to the SLR. The institution has provided the appellant with the correct information and informed him that 30 to 60 days before his March 18, 2015 MERD, his case will be reviewed and if at that time the appellant is found suitable for parole and granted a release date, he will be transferred to CEN or CAL pending USINS review. In view of the above, no further relief is deemed appropriate at the Director's Level of Review.

> **B.    BASIS FOR THE DECISION:**
> California Code of Regulations, Title 15, Section: 3000, 3001, 3005, 3270, 3271, 3375, 3379

RONALD LOPEZ, E78629
CASE NO. 0710823
PAGE 2

   **C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CTF
       Appeals Coordinator, CTF

E X H I B I T   " B "



# ALCALDIA MUNICIPAL DE TIPITAPA
## DEPARTAMENTO DE MANAGUA
### Telefax: 295-3386 • Teléfono: 295-3200

## Certificado de Reposición de Nacimiento

### Valor C$: 31. 00

**SERIE "B"**

### El Registro del Estado Civil de las Personas

TASAS POR SERVICIOS, DE CONFORMIDAD CON EL ARTO. 33 DEL PLAN ARBITRARIO Y LEY DE TIMBRE

## CERTIFICA QUE     Nº 6391

| 1er. Apellido | 2do. Apellido | Nombres |
|---|---|---|
| **MIRANDA** | **LOPEZ** | **FRANCISCO RONALD** |

| Nació el día | Mes | Año |
|---|---|---|
| **VEINTICINCO** | **AGOSTO** | **CINCUENTIOCHO** |

| En el Municipio de: | Departamento de: |
|---|---|
| TIPITAPA | MANAGUA |

| Hijo de | Padre | Madre |
|---|---|---|
| | PABLO MIRANDA RUIZ. | DORA LOPEZ HERNANDEZ. |

| Inscrito bajo partida No. | Tomo | Folio |
|---|---|---|
| 213 | 8512 | 107 |

| Libro de | Municipio | Departamento |
|---|---|---|
| REPOSICIONES | TIPITAPA | MANAGUA |

F.I. DIECIOCHO DE JUNIO DE MIL NOVECIENTOS NOVENTA Y DOS.

SEXO: MASCULINO.

**Observaciones:**

CATORCE     De     JULIO     del 200     SEIS.

LIC, JAVIER DE JESUS RUIZ
REGISTRADOR CIVIL

SECRETARIA

**Tipitapa: Ciudad Turística de Nicaragua**

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, <u>Ronald M. Lopez</u>_____, declare:

I am over 18 years of age and I am party to this action. I am a
resident of CORRECTIONAL TRAINING FACILITY prison, in the County
of Monterrey, State of California. My prison address is:

<u>Ronald M. Lopez</u>_____, CDCR #: <u>E-78629</u>___
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: EW-303L
SOLEDAD, CA 93960-0689.

On ___**January, 19 2008**_____, I served the attached:

### Petition for Deportation

on the parties herein by placing true and correct copies

thereof, enclosed in a sealed envelope (verified by prison

staff), with postage thereon fully paid, in the United States

Mail in a deposit box so provided at the above-named institution

in which I am presently confined. The envelope was addressed as

follows:

**Northern District Federal Court**
**San Jose Division**
**280 S. First St., #2112**
**San Jose, Ca. 95113-3006**

**United States Attorney General Office**
**950 Pennsylvania Ave., N.W.**
**Washington D.C. 20530**

**Attorney General Office Cal.**
**455 Gold Gate Ave., Suite 11000**
**San Francisco, Ca. 94102-7004**

I declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.

Executed on <u>02-19-08</u> .

_Ronald M. Lopez_

**RONALD M. LOPEZ -- PRISON No. E-78629**
Declarant

RONALD M. LOPEZ - E-78629
P. O. BOX - 689 - EW - 303 L
SOLEDAD, Ca. 93960 - 0689

Confidential
**LEGAL MAIL**

U.S. Courthouse
NORTHERN DISTRICT )
FEDERAL COURT
450 Golden Gate Ave.,
San Francisco, Ca 94102-3483

Ronald M. Lopez
E-78629/ EW-303-Low
P.O. Box 689
Soledad, Ca. 93960-0689

RECEIVED

FEB 2 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**LEGAL MAIL**



02 1M        $ 02.
0004229613    FEB 26
MAILED FROM ZIP CODE 9

U.S. Courthouse
orthern District
50 Golden Gate Ave
an Francisco, Ca. 94102-3483