1  Ronald M. Lopez, E-78629
   CTF North, RB-244 1.
2  P.O. BOX- 705
   Soledad, Ca 93960
3                    In Pro Se

FILED

08 AUG 27 PH 1:44

4

5

6              UNITED STATES DISTRICT COURT

7         FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9
   Ronald M. Lopez
10            Petitioner,                    Case No.  C 08-1282 VRW (PR)

11
12  v.                                       *NOTICE OF APPEAL* *

13  BEN CURRY, et al,
              Respondent (s).
14

15

16           Notice is hereby given that Ronald M. Lopez, appeals to the United States Court

17  of Appeals for the Ninth Circuit from the final judgment entered in this action on  August, 06, 200 8,

18

19

20  Date: 06-24-08                        Submitted by:

21

22

23                                        Ronald M. Lopez

24                                        Ronald M. Lopez, In Pro Se

25

26

27

28

Ronald M. Lopez,E-78629
CTF NORTH,RB-244 1,
P.O. BOX - 705
Soledad, Ca 93960
                    **In Pro Se**


# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Ronald M. Lopez                    )
                Petitioner,        )
                                   )        case No. C 08-1282 VWR (PR)
                                   )
                                   )        MOTION FOR CERTIFICATE
                                   )        OF APPEALABILITY
V.                                 )
                                   )
Ben Curry, et al,                  )
                Respondent (s).    )

        Petitioner, Ronald Miranda Lopez, hereby petitions for a certifi-
cate of appealability on appeal to the Ninth Circuit Court Of Appeals on
the denial of petitioners Mandamus Petition by the Federal District Court,
(see Exhibit A ). A Certificate of Appealability must issue for the follow-
ing reason:

        Petitioner is seeking deportation proceedings against him to
be initiated by the bureo Of Immigration And Costums Enforcement ('BICE")
due to Petitioners State Conviction for homocide and sentence of 25 years
to life which triggers "BICE" to deport petitioner to his native country
Nicaragua, As stated in In re Andrade, 46 Cal, Rptr. 3d 317, 141 Cal.App.
4th 807 (2006), that illegal aliens convicted for homocides that the
8 U.SC. § 1357 (d)

1    "Statutory scheme does require the appropriate INS official
     to "determine promptly" whether to issue a detainer when
2    there is reason to believe that an alien, arrested by Federal,
     State or local law enforcement official, has not been lawfully
3    admitted to the United States or otherwise is not lawfully
     present' here. (8 U.S.C § 1357 (d).) If issued, a detainer
4    serves to advise another law enforcement agency that the
     Department of Justice seeks custody of an alien presently in
5    the custody of that agency, for the purpose of arresting and
     removing the alien." (Andrade, Supra, 46 Cal. Rptr. 3d at 324).

6
     ▪ ¶ 8 U.S.C. section 1101 (a) (43) (A) classifies murderers
7    as aggraviated fellonsfor immigration purposes. Aggraviated
     felons are "conclusively presumed" to be deportable. (8 U.S.C.
8    § 1228 (c) (5) [ (a)] (C) )." (Id. at 324 fn. 7 ).

9          It is clear petitioner is classified as an "aggraviated fellon,"

10   is not a U.S. citizen and will be deported and as such demands deportation

11   proceedings as soon as possible. The Ninth Circuit Court has "already said

12   that prisoner aliens who seek Mandamus to  force the INS to start deporta-

13   tion proceedings do have standing"  under Mandamus proceedings, (Garcia v.

14   Taylor 40 f. 3d 299,301 (9th Cir 1994) citing Silveyra v. Moschorak, 989

15   F.2d 1012, 1014 And Fn. 1, 1015 (9th Cir 1993) ). This applies to petitioner,

16   (Id. At 301).

17         In petitioners case, petitioner claims are "clear and certain" as

18   for petitioner claims BICE "has the oblgation to follow the terms" of

19   8 U.S.C. § 1357 (d), §1228 (c) (5) (a) (c),§ 1227 (a)(2)(A)(iii) And

20   § 1101 (a)(43)(A), There is "No doubt that [BICE] does have that duty" And

21   "there is no doubt [petitioner] can seek to enforce adherence to that duty."

22   (See Garcia, Supra 40 F. 3d At 302).

23         Also, because petitioner may not yet be "Scheduled for actual

24   release," The "proper inquiry is whether the govermental has any intention

25   of attempting to complete the administrative process before [petitioners]

26   release. Let there be all the time in the world, if the goverment has

27   expressed an intention to proceed in a manner that will violate the statute,

28   mandamus may lie." (Garcia, Supra, 40 F.3d At 302). Therefore, a Ministerial

1   Duty Exists. (Id. At 302 - 303).

2       Lastly, no other " Adequate Remedy" Exists! <u>Garcia</u> explicitly held

3   that "Habeas Corpus is not available at this time" when Mr. Garcia was not

4   yet to be released from prison. (<u>Garcia</u>, <u>Supra</u>, 40 F. 3d At 304). Such is

5   petitioners case, due to the probable fact petitioner is not set yet to be

6   released from prison, Mandamus is the sole petition available to him and

7   as such properly to be reviewed under Mandamus proceedings. (Id.)

8       Therefore, petitioner submits that due to the aforementioned,

9   " reasonable jurists could  debate or disagree with the district Court's

10  decision on petitioners claims and/or the issues presented are "adequate

11  to deserve encouragement to proceed further." (<u>Slack v</u>. <u>Mc Daniel</u> (2000)

12  146 L. Fd. 2d 542, 554). Said issues of petitioners claims shows "that

13  jurists of reason would find it debatable whether the petition states

14  a valid claim of the denial of a Constitutional Right and that jurists

15  of reason would find it debatable whether the District Court was correct

16  in its procedural ruling. (Id. At 555).

17      As such, petitioner request's that a certificate

18  of appealability be issued.

19      Lastly, in the event this court fails to issue a

20  certificate of appealability, his issues are still appealable without the

21  issuance of certificate of appealability as for a certificate of appeal-

22  ability is required only when the detention complained of "arises out of"

23  State Court process, (See 28 U.S.C. § 2253 (c)(1)(A); <u>White v. Lambert</u>,

24  370 F. 3d 1002 (9th Cir. 2004) ). Petitioner submits his Allegations/Claims

25  May not have "arise[d] out of" A State Court process. Therefore, Petiti-

26  tioner's Appeal must be processed and heard before the Ninth Circuit Court

27  Of Appeals.

28

                    (3)

1

2    Date: 08-24-08                          Submitted by:

3

4                                            Ronald M. Lopez

5                                            Ronald Miranda Lopez

6                                                      In Pro Se

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    (4)

# EXHIBIT "A"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD M LOPEZ,                    )
                                   )
            Petitioner,            )       No. C 08-1282 VRW (PR)
                                   )
       vs                          )       ORDER
                                   )
BEN CURRY, et al,                  )       (Doc # 6)
                                   )
            Respondent(s).         )
_____    )

Petitioner, an alien and state prisoner in the custody of the California

Department of Corrections and Rehabilitation, filed a pro se petition for a writ of

habeas corpus under 28 USC § 2241 seeking an expedited deportation hearing.

He also sought leave to proceed in forma pauperis under 28 USC § 1915.

Per order filed on March 25, 2008, the court granted petitioner's request to

proceed in forma pauperis but dismissed the petition for a writ of habeas corpus.

The court explained:

> The petition for a writ of habeas corpus must be dismissed
> because it is well-established that a hold or detained letter alone
> does not sufficiently place an alien in INS (now Bureau of
> Immigration and Customs Enforcement ("BICE")) custody to make
> habeas corpus available. See Garcia v Taylor, 40 F3d 299, 303 (9th
> Cir 1994); see also id at 303-04 (mandamus not available to
> expedite deportation proceedings).

1

2

3

> It matters not that under 8 USC § 1228(c)(1) a district court may order deportation because said discretion may be exercised only if the deportation is "requested by the United States Attorney with the concurrence of [BICE]." No such request has been made here.

4  Mar 25, 2008 Order at 1-2.

5      Nearly four months later, petitioner has filed a motion for reconsideration

6  requesting that the court issue a writ of mandate compelling BICE to commence

7  deportation proceedings against him. The motion and petition for a writ of

8  mandate are DENIED. Mandamus relief is only available to compel an officer of

9  the United States to perform a duty if: (1) the petitioner's claim is clear and

10  certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be

11  free from doubt; and (3) no other adequate remedy is available. Fallini v Hodel,

12  783 F2d 1343, 1345 (9th Cir 1986). Petitioner has not satisfied any of the above.

13  The Attorney General's discretion to seek deportation with the concurrence of

14  BICE cannot be characterized as a ministerial duty that is clear and certain.

15      Petitioner's second motion for leave to proceed in forma pauperis (doc # 6)

16  is denied as moot and unnecessary in light of the court's prior grant of leave to

17  proceed in forma pauperis.

18      SO ORDERED.

19

20

21

VAUGHN R WALKER
United States District Chief Judge

22

23

24

25  G:\PRO-SE\VRW\OTHER.08\Lopez, R I.recon.wpd

26

27

28                                              2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RONALD M. LOPEZ,

        Plaintiff,

v.

BEN CURRY et al,

        Defendant.

_____/

Case Number: C08-1282 VRW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 6, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald M. Lopez E-78629
CTF-Soledad
EW-303-Low
P.O. Box 689
Soledad, CA 96960-0689

Dated: August 6, 2008

                    Richard W. Wieking, Clerk
                    By: Cora Klein, Deputy Clerk

                    *Cora Klein*

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
#### (C.C.P. §§ 1013(A), 2015,5)

I, __Ronald M.Lopez_____, declare:

I am over 18 years of age and I am party to this action.  I am a

resident of CORRECTIONAL TRAINING FACILITY prison, in the County

of Monterrey, State of California.  My prison address is:

> Ronald M. Lopez___, CDCR #: E-78629____
> CORRECTIONAL TRAINING FACILITY
> P.O. BOX 705, CELL #: RB- 244 1.
> SOLEDAD, CA 93960-

On __08 /24/ 2008_____, I served the attached:

__MOTION FOR CERTIFICATE OF APPEALABILITY__

on the parties herein by placing true and correct copies

thereof, enclosed in a sealed envelope (verified by prison

staff), with postage thereon fully paid, in the United States

Mail in a deposit box so provided at the above-named institution

in which I am presently confined.  The envelope was addressed as

follows:

Northern District Federal Court
San Jose division
280  S. First St., #2112
San Jose, Ca 95113-3006

United States Attorney
General Office
950 Pennsylvania Ave.,N.W.
Washington, D.C. 20530

Attorney General Office Cal.
455  Gold Gate Ave., Suite 11000
San Francisco, Ca  94102-7004

I declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.

Executed on __08 /24/ 2008__ .

_Ronald M. Lopez_
Ronald M. Lopez
Declarant

1

2                                    <u>VERIFICATION</u>

3

4           I am the petitioner in this matter.  I have read the allegations contained in

5
     the petition and know them to be true by my own personal knowledge.
6

7

8

9

10    EXECUTED THIS _August_ DAY OF _24_

11    2008_ UNDER PENALTY OF PERJURY IN _Soledad,   State Of_        ,

12    CALIFORNIA.

13

14

15

16

17

18                                    Ronald M. Lopez, E-78629

19                                                    DECLARANT

20

21

22

23

24

25

26



UNITED STATES POSTAGE

$ 02 36⁰

0004229613

MAILED FROM ZIP CODE 93960

OFFICE OF THE CLERK,U.S. District Court
NORTHERN DISTRICT OF CALIFORNIA
450  Golden Gate Avenue
San Francisco, Ca 94102

Ronald Miranda LOpez,E-78629
P.O. BOX-705-RB-244 1.
Soledad, Ca 93960

NORTHERN DISTRICT OF CALIFORNIA
CLERK, U.S. DISTRICT COURT
RICHARD W. WIEKING

AUG 2 7 2008

RECEIVED

LEGAL MAIL
CONFIDENTIAL